# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | CASE NO. 17  CR 197 |
| Plaintiff, | } | |
| | } | JUDGE: GAUGHAN,P. |
| v. | } | |
| | } | |
| GLEN   SHEFFIELD, | } | **SENTENCING MEMORANDUM AND** |
| | } | **REQUEST FOR A RECOMMENDATION** |
| Defendant. | } | **FOR DRUG TREATMENT PURSUANT TO** |
| | | **18 U.S.C. SECT. 2612(e) AND 28 C.F.R.** |
| | | **SECT 550.50** |

Now comes the Defendant, GLEN SHEFFIELD by and through his counsel, and respectfully submits the attached sentencing memorandum and motion as is more fully supported by the arguments and law cited therein. The presentence report is also incorporated in this memo by reference  and indicates that Mr. Sheffield's  addiction to alcohol  began at an early age and , according to him, he drank alcohol every day when he was on supervision and he could not smoke marijuana .Mr. Sheffield first tried marijuana when he was 12 years old and continued the use of it on a daily basis when he was 14 and has continued to the present time.  This pattern of alcohol/substance  abuse should indicate the need , if recommended,  for the 500 hour RDAP program available through the Bureau of Prisons.  This addiction has led him and contributed to his involvement in the present case. The resulting debilitating psychological and physical conditions associated  therewith  and  should  be   sufficient  to  warrant:  1)  As  part  of  the  sentence,  a

recommendation  for intensive alcohol/drug  treatment pursuant to 18 U.S.C. sect. 3612(e) and 28

C.F.R. sect 550.50; 2) Examine his criminal history and , if possible , consider the minimum

sentence of 25 years as set forth in the plea agreement and allowed in this case. Mr. Sheffield

fully accepted his responsibility by by entering a plea.

   **The 3553 Factors** After the decision in *Gall v. United States*, 552 U.S. 38(2007),

the Court is fully aware of itd broad discretion in imposing a sentence. While the Court must

consider the guideline range, it is only "one factor among several." *Kimbrough v. United States*,

552 U.S. 85. 90 (2007). The touchstone for the ultimate analysis remains the command contained

in18 U.S.C. sect. 3553(a) that the Court "impose a sentence sufficient , but not greater than

necessary"to satisfy the goals of sentencing : after considering the nature of the offense and the

offender, providing just punishment, affording deterrence , protecting the public and assisting

in rehabilitation. Moreover, this Honorable Court , in applying the 3553(a) factors should consider

those factors enumerated in the pre sentence report.

   The Court in applying  3553 (a) factors in determining the applicability of a sufficiently

fair and not overly harsh sentence that would satisfy the parsimony clause of section 3553 by

sentencing Mr. Sheffield  to a term of 25 years incarceration which is sufficient but not greater than

necessary .

Respectfully submitted,


__s/jkersey_____
James M. Kersey  (007815)
1360 E. 9th St., IMG Bldg.
Suite 600
Cleveland, OH  44114
(216) 241-3470


**ATTORNEY FOR DEFENDANT**

**SERVICE**

        Now comes the undersigned and hereby certifies that a copy of the foregoing Sentencing Memorandum  Drug Treatment Pursuant to 18 U.S.C. Section 3612(e) and 28 C.F.R. sect. 550.50 was sent by e-mail  to Teresa L. Riley, Asst. United States Atty., 801 W. Superior Ave., Suite 400, Cleveland, Ohio 44113 this $^{3rd}$  day of April , 2018.


        _s/jkersey_____
        James M. Kersey